UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PAUL W. MOUNTS, | ) |
| Petitioner | ) ) ) |
| v. | )   Civil No. 05-105-P-C |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent | ) |

## RECOMMENDED DECISION

Paul Mounts has filed a second motion pursuant to 28 U.S.C. § 2255 with this court, noting that his first motion was never decided on its merits because it was dismissed as time-barred. See Mounts v. United States, Civ. No. 04-173-P-C, Crim. No. 99-79-P-C, 2004 WL 2713091 (D. Me. 2004) (Kravchuk, Mag. J.) aff'd Civ. No. 04-173-P-C, Docket No. 8.  Mounts apparently believes that this motion will fare better because he is now relying upon the limitations period set forth in  28  U.S.C. § 2255 ¶ 6(3), asserting that the Supreme Court decision of United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) has been newly decided and should be retroactively applicable to his case.   Because there is no support for the proposition that these decisions are retroactively applicable to a person in Mounts's situation, I recommend the summary **DISMISSAL** of this petition.

Assuming that Mounts's first § 2255 motion does not mean that this is a second § 2255 motion for purposes of § 2255 ¶ 8 and assuming that it would be for the District Court in the first instance to make the retroactivity determination under 28 U.S.C. § 2255 ¶ 6(3), Ashley v. United States, 266 F.3d 671, 674 (7th Cir. 2001) ("A district judge may

determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(2)(A) or § 2255 ¶ 6(3)."); see also Wiegand v. United States, 380 F.3d 890, 892-93 (6th Cir. 2004) ("The district court here should decide retroactivity in the first instance.  If the district court finds Wiegand filed timely, then it can address the merits of his claim."); Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir.2004) ("[E]very circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255 [¶ 6](3).") cert. granted 125 S. Ct. 607 (2004),[1] the judges in this District have already concluded, in the context of a timely § 2255 motion, that Booker should not be applied retroactively. See Violette v. United States, 365 F. Supp. 2d. 2, 5-6 (D. Me. 2005) (Singal, C.J.); May v. United States, __ F. Supp. 2d __, __, 2005 WL 839101, *1 (D. Me. Apr. 8, 2005) (Hornby, J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D. Me. 2005) (same); Suveges v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1  (D. Me. Jan 28, 2005) (Kravchuk, Mag. J.) affirmed Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.);  Quirion v. United States, Civ. No. 05-06-B-W,  2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag.

---

[1]   The timing questions of a Booker challenge postured as Mounts's (assuming that this is truly a first § 2255 motion despite his prior time-barred § 2255 motion) may be answered by the Supreme Court's decision which is pending in its review of Dodd.  The Supreme Court granted cert on the question:
> Does the one-year period of limitation in paragraph 6(3) begin to run on the date that this Court initially recognizes the right asserted, regardless of whether the right has been newly recognized or made retroactively applicable to cases on collateral review, or does it begin to run on the date [] that a prisoner can show that all three of its prerequisites have been established; that is, that the right asserted "was initially recognized" by this Court, "has been newly recognized" by this Court, and "made retroactively applicable to cases on collateral review?"

(Pet'r Br., 2005 WL 353696 at *I; see also United States Br., 2005 WL 122089 at *I.) Given the lively discussion of the operation of this subsection during the March 22, 2005, oral argument, the transcript of which is available at 2005 WL 752741, the Court may well decide that the ¶ 6(3) year runs from the date that the Supreme Court, and not any lower court, makes the case retroactive to cases on direct appeal so that the ¶ 6 (3) provision, although worded differently, has the same prerequisite to ¶ 2255 review as does ¶ 8(2) apropos second or successive motions.

J.) affirmed Civ. No. 05-06 –B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.).

The First Circuit now has precedent that supports this non-retroactivity determination apropos Booker claims. See United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) ("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive," citing Cirilo-Muñoz); Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005) (recognizing a consensus that Booker is not retroactive to cases no longer in the direct appeal pipeline). And, to date, five other Circuit Courts of Appeal have considered and answered the question in published opinions and the five are unanimous in concluding that Booker does not apply retroactively to cases so postured.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States v. Leonard, No. 04-6197, Slip Op., 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) (unpublished opinion on motion to review sentence).

Thus, even if Mounts's motion were a timely first motion under 28 U.S.C. § 2255 ¶ 6(3) (a questionable proposition), he would not be able to obtain Booker relief. Accordingly, I recommend the petition be summarily **DISMISSED.**

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive

memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 8, 2005.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge